UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 22-cr-227 (MJD/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Trevonnie Terrell Mack, | |
| Defendant. | |

This matter is before the Court on the parties' motions for discovery, disclosure, and other non-dispositive relief. Having reviewed the parties' submissions, the Court does not believe a hearing would be necessary or helpful in resolving these disputes. Based on the non-dispositive motions, and on the entire file, the Court enters the following Order.

I. **The Government's Motion for Discovery (ECF No. [17])**

The Government seeks discovery and disclosure as required by Rules 16(b), 12.1, 12.2, 12.3 and 26.2 of the Federal Rules of Criminal Procedure. The Government's motion is **GRANTED** insofar as Mr. Mack shall provide discovery to the extent required by the applicable Rules. With respect to expert discovery pursuant to Rules 16(a)(1)(G) and 16(b)(1)(C), the following deadlines shall apply:

    a. Government's expert disclosures: **35 days prior to trial.**

    b. Defendant's expert disclosures: **28 days prior to trial.**

II. **Mr. Mack's Motion for Disclosure of 404 Evidence (ECF No. [18])**

Mr. Mack's motion for disclosure of evidence the government may introduce pursuant to Federal Rule of Evidence 404(b) is **GRANTED.** The government shall provide the notice required

1

by Rule 404(b) at least **28 days** prior to trial.  The notice requirement does not apply to evidence of conduct that is inextricably intertwined with the offense conduct charged.

### III.      Mr. Mack's Motion for Disclosure of Grand Jury Transcripts (ECF No. [19])

Mr. Mack's motion for disclosure of all grand jury transcripts is **GRANTED IN PART.** The Government shall disclose grand jury transcripts to the extent required by the Jencks Act or *Brady v. Maryland*.  Mr. Mack's motion is otherwise **DENIED.**

### IV.      Mr. Mack's Motion for Disclosure of Informants (ECF No. [20])

Mr. Mack moves for an order requiring the government to disclose any informants or cooperating defendants and to make them available for interview.  Mr. Mack indicates that at present, "discovery does not suggest an informant exists in this matter" (ECF No. 20). The government states that "it did not work with informants or cooperating individuals regarding this case" (ECF No. 30).  Therefore, the motion is **DENIED WITHOUT PREJUDICE.**  However, the government shall notify opposing counsel if informants are discovered whose disclosure may be necessary.

### V.      Mr. Mack's Motion for Disclosure of Jencks Act Material (ECF No. [21])

Mr. Mack's Motion for early disclosure of Jencks Act material is **DENIED**. *United States v. White*, 750 F.2d 726, 728–29 (8th Cir. 1984).  However, the government has agreed, to the best of its abilities, to provide any Jencks Act material it has not already disclosed at least two weeks prior to the commencement of trial.  The Court encourages the government to meet its self-imposed timeline and to engage in "open-file" discovery, if possible, to ensure that there are no unnecessary delays at trial and to promote the fairness of the proceedings.

VI. **Mr. Mack's Motion for Disclosure of Witness and Exhibit Lists (ECF No. [22])**

Mr. Mack's Motion for Disclosure of Witness and Exhibit Lists is **GRANTED IN PART.** All parties shall disclose their witness and trial exhibit lists at least **thirty days** prior to trial.

VII. **Mr. Mack's Motions for Discovery and Inspection of Expert Witness Testimony (ECF No. [23]) and Discovery (ECF No. [27])**

Mr. Mack's motions are **GRANTED** insofar as the Government shall provide discovery to the extent required by Rules 16 and 26.2 of the Federal Rules of Civil Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all other applicable statutory and constitutional rules. With respect to expert discovery pursuant to Rules 16(a)(1)(G) and 16(b)(1)(C), the following deadlines shall apply:

 a. Government's expert disclosures: **35 days prior to trial.**

 b. Defendant's expert disclosures: **28 days prior to trial.**

VIII. **Mr. Mack's Motion for Disclosure of Impeaching Information and Exculpatory Evidence (ECF No. [24])**

Mr. Mack's motions for discovery of exculpatory and impeaching information are **GRANTED** to the extent required by *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Giglio*, 405 U.S. 150 (1972), and their progeny. These cases impose affirmative and ongoing disclosure obligations on the government.

IX. **Mr. Mack's Motion for Notice of Government Intention to use Residual Hearsay Exception (ECF No. [25])**

Mr. Mack's motion for disclosure of the government's intent to use the residual hearsay exception is **GRANTED** as follows. The government shall provide the notice required by Fed. R. Evid. 807(b) at least **21 days prior to trial**. This Order does not require the government to provide the address of the declarant as part of that notice because such a requirement was removed as a

result of the 2019 amendments to Rule 807.  Mr. Mack has not demonstrated that the disclosure of any declarant's address is critical and cannot be obtained by him. Fed. R. Civ. P. 807, advisory committee notes to the 2019 Amendment ("If prior disclosure of the declarant's address is critical and cannot be obtained by the opponent through other means, then the opponent may can seek relief from the court.").

**X.     Mr. Mack's Motion for Counsel to Participate in Voir Dire (ECF No. [26])**

Mr. Mack's motion to participate in voir dire is **DENIED** without prejudice as premature. Any such motion must be presented to District Court Judge Michael J. Davis.

**XI.    Mr. Mack's Motion for Leave to File Additional Pretrial Motions (ECF No. [28])**

Mr. Mack's has moved for leave to file additional pretrial motions because discovery is ongoing. Federal Rule of Criminal Procedure 12(c)(3) provides that pretrial motions required to be filed by a court-ordered deadline must be made by that deadline, but allows the court to consider such motions if the movant shows good cause. The Court **GRANTS** Mr. Mack's motion so long as Mr. Mack establishes good cause as to why any such motions could not have been filed by the original October 5, 2022 motions deadline.

Dated: October 20, 2022

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge